Citation Nr: 1536773 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 11-10 929 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include paranoid schizophrenia. 

2. Entitlement to service connection for a neck disorder. 

3. Entitlement to service connection for arthritis, to include bone pain. 

4. Entitlement to service connection for leg and knee disorders. 

5. Entitlement to service connection for a back disorder. 

6. Entitlement to service connection for a skin disorder, to include as secondary to an acquired psychiatric disorder. 

7. Entitlement to service connection for residuals of a concussion. 

8. Entitlement to a total disability rating based upon individual unemployability (TDIU).

REPRESENTATION

Veteran represented by: Teri Bayer, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A.M. Ivory, Counsel


INTRODUCTION

The Veteran had active military service from January 1988 to July 1990. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut. 

The Veteran testified before the undersigned Veterans Law Judge in November 2012. A transcript of the hearing is associated with the record on appeal.

In April 2014 the Board remanded the Veteran's claim for additional development and the case now returns for further appellate review. 

After the issuance of the February 2015 supplemental statement of the case, the Veteran submitted additional evidence consisting of VA treatment records, including a March 2015 VA treatment record, in April 2015 without a waiver of Agency of Original Jurisdiction (AOJ) consideration. 38 C.F.R. § 20.1304(c) (2015). However, as his claims are being remanded, the AOJ will have an opportunity to review the newly received documents such that no prejudice results to the Veteran in the Board considering such evidence for the limited purpose of issuing a comprehensive and thorough remand.

This appeal was processed using the Veterans Benefit Management System (VBMS) and Virtual VA paperless, electronic claims processing systems. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

In April 2014 the Board remanded the Veteran's claims for further development. In this regard, the AOJ was directed to obtain the Veteran's service personnel records, updated VA treatment records, and Social Security Administration (SSA) records; to afford him an opportunity to identify any additional outstanding treatment records; afford him a VA examination regarding his acquired psychiatric disorder; obtain an addendum VA medical opinion for the Veteran's neck, arthritis, leg and knee, and back disorders; and readjudicate the Veteran's claims in a supplemental statement of the case. 

Following the Board's remand, the Veteran's SSA, updated VA treatment, and service personnel records were obtained. Additionally, in a July 2014 letter, the Veteran was requested to identify any additional outstanding treatment records. Furthermore, VA medical opinions adequate to decide the claims were rendered in October 2014 with regard to the Veteran's claimed neck, back, and left knee disorders. Therefore, the Board finds that the AOJ has substantially complied with the April 2014 remand directives such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

However, the Board finds that additional development is needed and thus another remand is warranted. First, in February 2015, the Veteran requested a hearing before a Decision Review Officer (DRO). A Veteran has a right to request a hearing before the issuance of a Board decision. 38 C.F.R. § 3.103(c). While he was previously afforded a Board hearing in November 2012, he has not been afforded his requested DRO hearing. Therefore, a remand is necessary in order to schedule the Veteran for a DRO hearing at the RO.

Additionally, the Board finds that addendum opinions are necessary with regard to the issues pertaining to an acquired psychiatric disorder, arthritis, a leg disorder, and a right knee disorder.

In this regard, in the April 2014 remand, the Board directed that the Veteran be afforded a VA examination to determine the nature and etiology of his acquired psychiatric disorder. The VA examiner was directed to identify all of the Veteran's acquired psychiatric disorders that meet the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) (DSM-IV) criteria. Thereafter, for each currently diagnosed acquired psychiatric disorder, the examiner was directed to offer an opinion as to whether it was at least as likely as not that any such disorder was related to the Veteran's military service, to include as a result of his alleged fights with his fellow service members and/or as a result of head injuries received during such fights, or as a result of September 1988 motor vehicle accident. Finally, the VA examiner was directed to opine as to whether it was at least as likely as not that the Veteran manifested a psychosis within one year of his service discharge in July 1990, i.e., by July 1991. If so, then he/she was to describe the manifestations. 

The Veteran was afforded a VA examination in October 2014 at which time the VA examiner stated that the Veteran's psychiatric diagnosis that conform to DSM-5 (i.e., the Fifth Edition of the DSM) criteria were major depression with anxious distress and alcohol use disorder, in partial remission. Following an interview with the Veteran, a review of the record, and a mental status examination, the VA examiner stated that the Veteran's report of psychotic symptoms was highly unusual and, given the inconsistencies in the Veteran's report, it was impossible to determine if he does experience psychotic symptoms. She stated that a diagnosis of major depressive disorder with anxious distress was more likely and that it began prior to the service. She opined that that it was less likely than not that the diagnosis of major depressive disorder was related to the Veteran's military service. It was also less likely than not that the diagnosis of major depressive disorder was a result of his alleged fights with his fellow service members and/or as a result of head injuries received during such fights, or as a result of September 1988 motor vehicle accident.

The Board finds that the October 2014 VA medical opinion is inadequate to decide the case. First, the VA examiner used the criteria for DSM-5; however, for cases certified to the Board prior to August 4, 2014 (such as the Veteran's), the diagnosis of a psychiatric disorder must be in accordance with the DSM-IV. See 80 Fed. Reg. 14,308 (March 19, 2015) (Applicability Date). Additionally, while the VA examiner stated that it was impossible to determine if the Veteran does experience psychotic symptom based on his unusual and inconsistent report of psychotic symptoms, she did not provide a rationale for why she was rejecting the previous diagnoses of schizoaffective disorder and schizophrenia. In addition, she did not opine as to whether it is at least as likely as not that the Veteran manifested a psychosis within one year of his service discharge in July 1990, i.e., by July 1991. Finally, as she indicated that depressive disorder with anxious distress began prior to the service, such opinion does not meet the legal standard for pre-existing disabilities and, furthermore, there is no opinion addressing whether such was aggravated by service or the events therein. Therefore, an addendum opinion must be obtained from the October 2014 VA examiner regarding such inadequacies. 

In April 2014, the Board also remanded for addendum medical opinions to be rendered for the Veteran's claimed neck, arthritis, leg and knee, and back disorders. While the October 2014 VA examiner rendered opinions on the Veteran's neck, left knee, and back disorder, he did not render any opinions on the Veteran's arthritis, legs (right or left), or right knee. Thus, the Board finds that a remand for an addendum opinion is warranted. In this regard, the VA examiner should indicate if the Veteran has any arthritis of the joints (besides of the thoracolumbar spine and left knee) and any condition of the right or left leg and right knee. If so, then the VA examiner should render an opinion on whether that diagnosis is at least likely as not related to his military service. 

Regarding the issues of entitlement to service connection for a skin condition and residuals of a concussion, a remand is also warranted in order for the AOJ to issue a supplemental statement of the case as the February 2015 supplemental statement of the case did not address such issues. Finally, in regard to all remaining issues, the Veteran's claims should be readjudicated on the entirety of the evidence, to include such received after the issuance of the February 2015 supplemental statement of the case, which encompasses the evidence submitted by the Veteran in April 2015.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a DRO hearing. Notify the Veteran and his representative of the date and time of the hearing.

2. Return the electronic claims file to the VA examiner who conducted the Veteran's October 2014 psychiatric examination. The claims file and a copy of this Remand must be made available to the examiner. The examiner shall note in the examination report that the claims folder and the Remand have been reviewed. If the October 2014 VA examiner is not available, the claims file should be provided to an appropriate medical professional so as to render the requested opinion. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion.

(A) The examiner should identify all of the Veteran's acquired psychiatric disorders that meet the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) (DSM-IV) criteria. If the Veteran is not diagnosed with schizoaffective disorder or schizophrenia, the VA examiner should reconcile such determination with the previous diagnoses of record. 

(B) For each currently diagnosed acquired psychiatric disorder, the examiner should offer an opinion as to whether there is clear and unmistakable evidence that the disorder(s) pre-existed service. 

(i) If there is clear and unmistakable evidence that the disorder(s) pre-existed service, the examiner is asked to opine as to whether there is clear and unmistakable evidence that the pre-existing disorder(s) did not undergo an increase in the underlying pathology during service, i.e., was not aggravated during service. 

If there was an increase in the severity of the Veteran's disorder(s), the examiner should offer an opinion as to whether such increase was clearly and unmistakably due to the natural progress of the disease. 

(ii) If there is no clear and unmistakable evidence that the Veteran's disorder(s) pre-existed service, then the examiner is asked whether it is at least as likely as not that the disorder is directly related to service, to include as a result of his alleged fights with his fellow service members and/or as a result of head injuries received during such fights, or as a result of September 1988 motor vehicle accident. 

In this regard, the examiner should also offer an opinion as to whether it is at least as likely as not that the Veteran manifested a psychosis within one year of his service discharge in July 1990, i.e., by July 1991? If so, please describe the manifestations. The term "psychosis" includes a brief psychotic disorder; delusional disorder; psychotic disorder due to general medical condition; psychotic disorder, not otherwise specified (NOS); schizoaffective disorder; schizophrenia; schizophreniform disorder; shared psychotic disorder; and substance-induced psychotic disorder.

In offering the foregoing opinions, the examiner should consider the full record, to include the Veteran's lay statements regarding the onset of such disorder and the continuity of symptomatology. In this regard, the examiner should consider the Veteran's statements that he experienced hallucinations, difficulty sleeping, anxiety, and depression immediately after service. Any opinions expressed must be accompanied by a complete rationale. 

3. Return the electronic claims file to the VA examiner who conducted the Veteran's October 2014 orthopedic examination. The electronic claims file and a copy of this Remand must be made available to the examiner. The examiner shall note in the examination report that the electronic claims file and the Remand have been reviewed. If the October 2014 VA examiner is not available, the claims file should be provided to an appropriate medical professional so as to render the requested opinion. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to write the addendum opinion.

(A) The VA examiner should determine if the Veteran has a diagnosis of arthritis of any of the joints other than the cervical spine, thoracolumbar spine, and left knee. The VA examiner should also determine if the Veteran has any diagnoses of the right or left leg and the right knee. 

(B) For each diagnosis, the examiner should offer an opinion as to whether it is at least as likely as not related to his military service, to include his in-service parachute jumping that resulted in a jarring impact to his body on landings. In offering such opinion, the examiner should specifically discuss the Veteran's statements regarding a continuity of symptomatology since service made at the November 2012 Board hearing.

In offering the foregoing opinions, the examiner should consider the full record, to include the Veteran's lay statements. Any opinions expressed must be accompanied by a complete rationale. 

4. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs the Veteran's claims, to include a skin disorder, to include as secondary to an acquired psychiatric disorder, and service connection for residuals of a concussion, should be readjudicated based on the entirety of the evidence, to include such received after the issuance of the February 2015 supplemental statement of the case, which encompasses the evidence submitted by the Veteran in April 2015. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).